WILLIAMS *et al.,* Executors of FISHER, *v.* PASCHALL *et al.*

*Award.*

Equity will not relieve against an award, unless on a plain error in law or fact, specifically as such.

In debt, in an arbitration bond, a plea charging mistake on the arbitrators, without setting out the particulars, is bad, on demurrer.

DEBT, on an arbitration bond. Upon *oyer* of the bond and condition, it appeared, that the defendants, as heirs of Jonathan Paschall, had entered

---

in this suit : the proceedings to recover from him having been instituted on the settlement of the comptroller.

(*c*) s. c. 1 Binn. 47, which is better report of the case.

Williams v. Paschall.

into a bond, dated the 14th of September 1796, in the **penal sum of 500l.,** conditioned for the performance of an award, by arbitrators mutually named by them and the plaintiffs, to be made "of and concerning all matters in controversy between them respecting a certain bond given by the said Jonathan Paschall to the said James Fisher (the testator), and respecting all accounts, which they the said heirs of Jonathan Paschall may exhibit as payments in discharge of the said bond, and of and concerning all and all manner of actions, &c., respecting the said bonds and accounts, &c." The award which was set forth on the record, after reciting the bond and submission, concluded that "the arbitrators are of opinion, that the defendants are justly indebted to the plaintiffs in the sum of 310l. 11s. 4½d." The defendants pleaded specially, "that the plaintiffs ought not to have and maintain their action aforesaid against them, because they say, that the said arbitrators, in making the said award, at the time and place aforesaid, from a mere inadvertency, error, mistake and misapprehension of the law and right and justice of the case, calculated, allowed and added the full interest of six per cent. per annum, on the whole amount of the principal sum mentioned in the bond, submitted to their arbitrament, for a long time, that is to say, for twenty-six years and upwards; although within the same time, many payments and advances had been made by these defendants, and on their account, to the said James Fisher, in his lifetime, and after his decease, to the said plaintiffs, on account of the said bond, to the full amount of the principal and interest due on the said bond; but on which payments and advances, from a mere mistake, error and misapprehension of the law and right and justice of the case, no interest was calculated or allowed by the said arbitrators, in making and forming their said award; nor were the said payments and advances deducted, as by law and right they ought to have been, from the moneys *due on the said bond, at the respective times, [*285 when such payments and advances were made, or at any time or times, before publishing the said award. And this the said defendants are ready to verify, &c." To this plea, the plaintiffs demurred: and it was agreed, that the court should decide—1st. Whether the award was, in itself, good. 2d. Whether, if the award was good, the plea could be sustained?

*E. Tilghman,* in support of the demurrer, contended, that the award was good in itself; and that the plea, which entered into the merits of the original controversy submitted to the arbitrators, was bad. 1 Ves. jr. 365.

---

*Lewis*, for the defendant, admitted, that in a common-law court in England, the plea would be bad ; but he insisted, that any plea, which contained matter proper for a bill in equity there, would here be sustained in a court of common law, from the necessity produced by the want of a court of equity. If, therefore, the award is bad on the face of it, the form of the plea is immaterial. And it has been decided in Pennsylvania, that an award is not good, unless it determines the whole matter in dispute and submitted ; nor if it exceeds the subject submitted, unless the excess can be separated and rejected ; nor if it decides matters submitted on one side, without deciding the matters submitted on on the other side. (*Huff* v. *Parker*, Com. Pleas Phila.; removed into the supreme court by writ of error, April 1787.)[1] If, in short, the arbitrators mistake in a plain point of law, their award ought to be set aside. (3 P. Wms. 362 ; 3 Atk. 486, 494, 529.) And in the present instance, the allowance of interest on the one side, and the rejection of it upon the other, is a plain error in law and justice.

*Rawle*, in reply, having cited 1 Burr. 277, was stopped by the court.

SHIPPEN, Chief Justice.—We are, unanimously and clearly, of opinion, that the award is good in itself ; and that the plea is bad. As to the equitable power of the court, we are often, for the sake of right, obliged to introduce a chancery relief ; but it is only in cases where we can, by such an interference, do justice to both sides ; never to aid one man at the expense of another. If, too, relief is granted in the case of an award, it must be on a plain error in law or fact, specifically set forth ; which is not the present case.

Judgment for the plaintiff.